Argued March 9, affirmed March 22, 1967

BUSH, *Appellant, v.* C. J. MONTAG & SONS, INC. ET AL, *Respondents.*

425 P. 2d 527

*E. B. Sahlstrom,* Eugene, argued the cause for appellant. On the brief were J. Michael Starr and Sahlstrom, Anderson & Starr, Eugene.

*Richard Bryson,* Eugene, argued the cause for respondents. On the brief were Calkins & Bryson, Eugene.

Before Perry, Chief Justice, and Sloan, Denecke and Redding, Justices.

## PER CURIAM.

On March 5, 1965, plaintiff's husband was killed in an automobile accident on the streets of Springfield, Oregon. On the day of his death, Mr. Bush was employed by some of the named defendants as a worker on the construction of a dam on Fall Creek in Lane county. His employment was governed by a labor contract between his employers and the union of which he was a member. The labor contract provided that the employees were paid for travel expense between their home and the place of employment. Plaintiff alleged that her husband was enroute home when he was killed and that the obligation of defendants to pay travel expense kept him within the scope of his employment until he reached his home. She is attempting to recover workmen's compensation death benefits under an insurance policy issued by defendant Continental Insurance Company. She was entitled to the benefits if her husband was killed within the scope of his employment.

The case was tried to the court without a jury. The evidence was partially presented to the court by a stipulation of facts which was supplemented by some testimony. The basic facts were that plaintiff's husband finished his day's work at 3:30 p.m. and the accident happened at 5:50 p.m. Normally it required less than an hour for him to drive home from the dam site. Defendant claimed that plaintiff was not enroute home when the accident took his life and that even if he were that the contract requirement of travel expense did not place him within the scope of his employment.

Plaintiff argues that the travel expense requirement kept her husband within his employment status until he got home, whenever it was.

The trial court made a finding that "* * * the Plaintiff has failed to establish that the deceased was returning to his home from his place of employment at the time of the accident and his death, and that therefore other legal issues raised by the pleadings need not be determined herein: * * *." The evidence supports the trial court's findings and the judgment entered therein must be affirmed.